UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANINE S.,

                               Plaintiff,

                  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                               Defendant.
_____

<u>DECISION AND ORDER</u>

20-CV-1559L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On August 18, 2017, plaintiff filed applications for a period of disability and disability insurance benefits, alleging an inability to work since June 30, 2016. (Dkt. #8 at 15). Her application was initially denied. Plaintiff requested a hearing, which was held on July 1, 2019 before administrative law judge ("ALJ") Mary Mattimore. The ALJ issued a decision on September 12, 2019, finding plaintiff not disabled. (Dkt. #8 at 15-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 1, 2020. (Dkt. #8 at 6-8). Plaintiff now appeals.

       The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #10), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #11). For the reasons

set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.     The ALJ's Decision

Plaintiff was born December 2, 1979, and was 36 years old on the alleged onset date, with a high school education and past relevant work as a material handler and personal care aide. (Dkt. #8 at 27). Her medical records reflect treatment for the following impairments, which the ALJ found to be severe impairments not meeting or equaling a listed impairment: congenital hip dysplasia, cervicalgia (neck pain), cervical degenerative spondylosis (abnormal wear and tear on the cervical vertebrae) status post microdiscectomy/foraminotomy (surgery to remove a protruding disc and widen the nerve opening) at L5-S1, thoracic degenerative changes, asthma, obesity, mood disorder, depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. (Dkt. #8 at 17).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has no limitation in understanding, remembering, or applying information, no limitation in interacting with others, a mild limitation in maintaining concentration, persistence, and pace, and a moderate limitation in adapting or managing herself. (Dkt. #8 at 19-20). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, with the ability to lift and/or carry up to five pounds, stand and/or walk for up to two hours total in an eight-hour workday, and sit for up to six hours total in an eight-hour workday. The requires the use of a cane or walker to ambulate, as well as the freedom to change positions from sitting to standing approximately every hours, while remaining on-task at the workstation. Claimant cannot reach overhead with either arm, or climb ladders, ropes, or scaffolds. She can no more than occasionally push and pull with her arms, stoop, twist, crouch, crawl, and climb ramps and stairs. She must avoid concentrated exposure to fumes, odors, gases, dust, and other pulmonary irritants. Finally, plaintiff can perform simple, routine work involving simple workplace decisions, but not at a production-rate (i.e., assembly line) pace. (Dkt. #8 at 21).

When presented with this RFC as a hypothetical at the hearing, vocational expert Jay Sterinbrenner testified that such an individual could not perform plaintiff's past relevant work as a material handler or personal care aide. However, she could perform the representative sedentary positions of ticket seller, surveillance system monitor, and telephone survey worker. (Dkt. #8 at 28). The ALJ accordingly found plaintiff not disabled.

## II.  The ALJ's RFC Determination

Plaintiff argues that the ALJ improperly weighed the medical opinions of record, and reached an RFC determination supported only by her own layperson interpretation of raw medical evidence.

The record contained a notably high number of medical opinions concerning plaintiff's exertional and nonexertional RFC. In opinions rendered on July 25, 2016, September 27, 2016, December 1, 2016, February 16, 2017, March 10, 2017, April 18, 2017, July 17, 2018, August 7,

2018, August 9, 2018, August 13, 2018, and September 6, 2018, treating chiropractor Stephen A. Novelli made virtually identical findings, noting that plaintiff was experiencing symptoms from the exacerbation of a work-related spinal injury which she had originally sustained in May 2016, and re-injured when she twisted her back while getting up from a couch on July 16, 2018. He indicated in each opinion that plaintiff could return to work with the following limitations: no carrying over five pounds, no pushing/pulling any amount of weight, and no repetitive arm movements. (Dkt. #9 at 1271, 1315, 1317, 1320, 1322, 1331, 1334, 1339, 1345, 1365, 1395).

The ALJ found Chiropractor Novelli's opinions to be "persuasive" in light of his expertise, his extensive treating relationship with plaintiff, and the consistency of his opinions with other evidence of record. However, the ALJ rejected Chiropractor Novelli's pushing, pulling, and repetitive arm movement restrictions as "broad and overstated," but explained that they "were still carefully considered when restricting the claimant to no overhead reaching and only occasional pushing and pulling." (Dkt. #8 at 26).

On August 24, 2016, consulting orthopedic surgeon Stephen Hausmann reviewed imaging studies of plaintiff's thoracic and lumbar spine, and examined plaintiff. He opined that her work-related limitations were "moderate," and included no repetitive bending or stooping, no lifting over 20-25 pounds, and no pushing or pulling over 40 pounds. In addition, plaintiff could "stand and walk two to three hours per day and sit the remainder of the time with breaks and position changes." (Dkt. #9 at 1294-97). In a subsequent opinion on December 12, 2016, Dr. Hausmann observed that plaintiff had not yet achieved maximum improvement from her initial work-related injury, but recommended, "no bending or stooping and no lifting anything below waist height and . . . lifting [no more than] twenty pounds maximally and ten pounds repetitively." (Dkt. #9 at 1285, 1312-13). The ALJ found Dr. Hausmann's opinions "somewhat persuasive," but determined that

4

even more extensive limitations were necessary, in light of subsequent evidence demonstrating an antalgic gait, and the eventual need for spinal surgery in November 2018.

On October 11, 2017, consulting internist Dr. Samuel Balderman examined plaintiff, with entirely normal objective findings. He opined that plaintiff had no more than minimal physical limitations, and that she appeared to be exaggerating her symptoms. (Dkt. #8 at 541-44). On October 31, 2017, reviewing physician Dr. Swati Gandhi opined that plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently, and could stand, walk, and/or sit for up to six hours in an eight-hour workday. (Dkt. #8 at 83-96, 551). As with Dr. Hausmann, the ALJ found Dr. Balderman's and Dr. Gandhi's opinions only "somewhat persuasive," given subsequent evidence indicating that plaintiff's spinal condition had deteriorated later on, giving rise to a greater level of limitation. (Dkt. #8 at 26).

On December 13, 2018 and May 23, 2019, treating orthopedic surgeon Dr. Ross Sherban opined that plaintiff would require the use of a cane or walker to ambulate, and should not engage in "excessive bending, twisting, lifting greater than five pounds, and reaching overhead." (Dkt. #8 at 565, 57, 936, 983; Dkt. #9 at 1437). Similarly, on February 12, 2019, treating orthopedic surgeon Rodrigo Castro opined that plaintiff should not lift over five pounds, reach overhead, or engage in excessive bending or twisting. (Dkt. #8 at 571). The ALJ found these opinions "persuasive" due to the surgeons' area of expertise, treating relationship with plaintiff, and consistency with other medical evidence of record, and incorporated all of the restrictions they contained into his RFC determination. (Dkt. #8 at 26).

However, the ALJ declined to credit a third, June 17, 2019 opinion by Dr. Sherban. Unlike his other opinions, this opinion was rendered on a check-box form, and suggested limitations that dramatically exceeded those described in his previous opinions in December 2018 and May 2019.

Specifically, Dr. Sherban checked boxes indicating that due to her back pain, plaintiff could not walk even one city block, could not sit, stand, or walk for two hours in an eight-hour workday, would need to elevate her legs above her pelvis 75% of the time, should be able to shift positions at will, required several 30-60 minute "rest" breaks daily, could rarely lift under ten pounds or crouch, could never twist, stoop, or climb, would be off-task for 25% or more of the time, was not capable of even low-stress work, and would miss more than four days of work per month. (Dkt #8 at 928-32). The ALJ found this opinion "not persuasive," noting that it consisted mainly of checked boxes without narrative elaboration or supportive examination findings, was rendered shortly after plaintiff reported that she had re-injured her back by bending over (Dkt. #8 at 934), and was grossly inconsistent with Dr. Sherban's other opinions and treatment notes, which contained no objective findings or observations suggesting that such extensive limitations were necessary. (Dkt. #8 at 565, 577, 936, 983; Dkt. #9 at 147). The ALJ also observed that such dramatic limitations were inconsistent with the fact that just two weeks later, plaintiff drove herself to her hearing and used no ambulatory devices, and were further contradicted by plaintiff's self-reported activities of daily living, including meal preparation, housework, and childcare. (Dkt. #8 at 26).

With respect to plaintiff's mental RFC, on October 11, 2017, consulting psychologist Dr. Susan Santarpia opined that plaintiff had mild limitations in the ability to regulate emotions, control behavior, and maintain well-being, but otherwise could perform the mental functions associated with work. (Dkt. #8 at 536-40). The ALJ found this opinion "somewhat persuasive," observing that the limitations Dr. Santarpia opined were "understated" in light of plaintiff's ongoing need for mental health treatment and medication, and finding that plaintiff instead had "moderate" limitations in the area of adapting or managing herself. (Dkt. #8 at 25).

While plaintiff argues that the ALJ improperly rejected portions of the medical opinions of record, the ALJ was free "to choose between properly submitted medical opinions." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983). In so doing, she could opt to credit certain portions of opinions and not others, so long as her reasons for doing so were sufficiently stated, well-supported, and did not smack of improper "cherry picking" of the evidence to support a predetermined conclusion. *See Margo J. v. Commissioner*, 2022 U.S. Dist. LEXIS 24402 at *9-*10 (W.D.N.Y. 2022)("an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record"); *Dowling v. Colvin*, 2015 U.S. Dist. LEXIS 122724 at *35 (N.D.N.Y. 2015)("[ALJs] may accept only a point of a medical source's opinion, and reject others without committing a fatal 'cherry picking' error"); *Raymer v. Colvin*, 2015 U.S. Dist. LEXIS 112218 at *17 (W.D.N.Y. 2015)("an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions").

Here, the ALJ credited certain opinions by plaintiff's treating orthopedic surgeons *in toto*, and partially credited – or found plaintiff's limitations to be even more restrictive than – the bulk of the opinions from plaintiff's treating chiropractor, and several consulting and reviewing examiners. For each, she set forth a detailed and reasonable rationale for the weight she assigned. As such, I do not find that she engaged in improper cherry picking of the evidence. To the contrary, her RFC finding included significant physical and mental limitations which were well-explained, adequately supported, and consistent with the record as a whole.

Plaintiff also argues, more specifically, that the ALJ erred when she found Chiropractor Novelli's opinions to be persuasive, but failed to fully incorporate the "pushing, pulling and

7

repetitive arm movement restrictions" that he had opined. Plaintiff also argues that the ALJ overlooked a December 29, 2016 opinion by Chiropractor Novelli. (Dkt. #8 at 416).

Initially, I note that the ALJ's failure to mention Chiropractor Novelli's December 29, 2016 opinion is not reversible error, in light of the wholly cumulative nature of that opinion, which is nearly a word-for-word repeat of his 11 other opinions of record during the same time period, all of which the ALJ acknowledged and discussed in detail. There is no reason to believe that the ALJ would have found Chiropractor Novelli's December 29, 2016 opinion any more or less persuasive than all of the other, identical opinions she had already considered. As such, to the extent that the ALJ may have overlooked that opinion, such error is harmless. *See Stephon P. v. Commissioner*, 2022 U.S. Dist. LEXIS 1340 at *8 (N.D.N.Y. 2022)("a finding of harmless error is sometimes appropriate when the ALJ overlooks a piece of evidence that can safely be considered cumulative or when it is obvious that even explicit consideration of the contested material would have failed to impact the ALJ's sequential analysis"); *Lori M. v. Commissioner*, 2021 U.S. Dist. LEXIS 12247 at *13-*14 (W.D.N.Y. 2021)(ALJ's failure to acknowledge medical source's report is harmless error, where it is cumulative of other evidence in the record).

To the extent that the ALJ declined to fully credit Chiropractor Novelli's opinion that plaintiff could never push or pull, or engage in repetitive arm movements – instead finding that plaintiff could reach "frequently" in all directions except overhead, and could occasionally push and pull – the ALJ's conclusions were well-supported by other evidence of record, including Dr. Hausmann's opinions that plaintiff could "repetitively" lift up to 10 pounds and could push/pull up to 40 pounds, Dr. Sherban's and Dr. Castro's opinions that plaintiff could not reach overhead but otherwise had no reaching or pushing/pulling restrictions, repeated findings of full motor strength in plaintiff's upper extremities, and plaintiff's self-reported activities of daily living, such

as driving a car, bathing, cooking, cleaning, laundry, and childcare. *See Ransome v. Commissioner*, 2020 U.S. Dist. LEXIS 199909 at *14-*15 (W.D.N.Y. 2020)("an ALJ may properly craft a residual functional capacity finding which is a blend of more than one medical opinion so long as that finding is supported by substantial evidence"); *Vannote v. Commissioner*, 2019 U.S. Dist. LEXIS 194584 at *17, *20 (W.D.N.Y. 2019)(ALJ did not err when he "determined that [p]laintiff's RFC fell in between the mild limitations described by [one medical source] and the severe limitations described by [another medical source]," as resolving conflicting medical evidence was within his discretion); *Riley v. Commissioner*, 2019 U.S. Dist. LEXIS 180833 at *11-*12 (W.D.N.Y. 2019)(RFC finding that "t[akes] into account, but d[oes] not mirror, the opinions of a number of different sources," is not reversible error, where the ALJ provides a sound and "detailed explanation for the deviations he made from the various opinions contained in the record"). Accordingly, I find no error therein.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not the product of legal error. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #10) is denied, and the

Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 12, 2022.